

# OLIVER & LEGG LLC
## - ATTORNEYS AT LAW -

William H. Oliver, Jr., Esq.
woliver@oliverandlegg.com

R. Cameron Legg, Esq.
clegg@oliverandlegg.com

2240 Route 33, Suite 112
Neptune, NJ 07753
732-988-1500
(F) 732-775-7404

www.oliverandlegg.com

By Appointment:
609 Main Street
Toms River, NJ 08753
732-341-1550

June 12, 2026

**Sent via CM / ECF**
Honorable Michael B. Kaplan
United States Bankruptcy Court
For the District of New Jersey
402 East State Street
Courtroom # 8
Trenton, NJ 08608
chambers_of_mbk@njb.uscourts.gov

> Re:   *In re Duffield*, Case No. 23-11162
> Letter Brief in Response to Creditor's Opposition

Dear Judge Kaplan:

Please accept this letter brief as the Debtors' reply to the Creditor's Response to Debtors' Motion to Determine Applicability of Fees, filed on June 9, 2026. (Dkt. No. 76.)

The Creditor, through counsel (notably, not an agent) certified that the Property was first registered under the Property Registration Program (PRP) on October 25, 2025, due to the filing of a Summons and Complaint in a foreclosure action (Foreclosure Proceedings). However, the Summons and Complaint were filed more than three years earlier, in February of 2022. Furthermore, the Creditor acknowledges that the Foreclosure Proceedings were stayed by this bankruptcy in 2023.  So why was there no registration under the PRP until 2025?

The Creditor argues that it was required to register notwithstanding the stay, but then did not, in fact, register, until three and a half years later when the Foreclosure Proceeding had already been stayed for two and half years.  The attorney certification is unclear on this point, but it seems entirely likely that the Creditor knew it was not required to register while the foreclosure

was stayed, yet through some oversight someone accidentally did so in October of 2025, not knowing any better, and then tried to pass the unnecessary fees on to the Debtors.

The Creditor's mistake is made more evident by the fact that, notwithstanding registering on October 25, 2025, purportedly for the annual registration, according to the certification of their attorney they registered again on February 28, 2026.  But by their own admission, pursuant to paragraph 10 of their certification, registration is annual – not every 4 months, so why re-register?

Clearly, someone working for the Creditor made a mistake, which is likely why the attorney had to complete the certification and not any actual representative with knowledge of what truly happened.

But regardless of the factual issues, the registration fees were not required legally.  Paragraph 24 of the Creditor's attorney's certification acknowledges that the local code at issue "does not define when the creditor is no longer subject to the terms" of the PRP.  Accordingly, since the Code is not clear on its face, statutory interpretation is necessary.  The Creditor's response is devoid of statutory interpretation, but the Debtors' brief was clear.  The Code itself outlines "The purpose of the statute" in its express findings and declarations states that "Properties in foreclosure proceedings can involve properties that are vacant and abandoned or have an increased risk of becoming vacant and abandoned during the foreclosure proceedings." (Debtors' Brief in Support, *and see* 2021 N.J. ALS 444, 2021 N.J. Laws 444, 2021 N.J. Ch. 444, 2020 N.J. A.N. 2877, 2021 N.J. ALS 444, 2021 N.J. Laws 444, 2021 N.J. Ch. 444, 2020 N.J. A.N. 2877.)

The findings frequently refer to properties "***in*** foreclosure" when associating the risk of blight.  Those findings are supplemented by a similar declaration under Toms River's code, stating that "Properties in foreclosure proceedings can involve … increased risk … ***during*** the

foreclosure proceeding." TOWNSHIP OF TOMS RIVER, N.J., CODE 2025-07-30, ARTICLE II, CH. 473-4(B) (emphasis added).

It is abundantly clear when considering the overall purpose of the code that the PRP and associated fees are only applicable *in* and *during* a foreclosure proceeding, due to the inherent risks associated with someone who is going to lose their home. Those risks are simply not comparable when the proceeding is stayed by a bankruptcy, particularly in Chapter 13 where a debtor is attempting to save their home from foreclosure.

Specifically, here, the Debtors have a confirmed Chapter 13 Plan paying back $60,560.03 to the Creditor for prepetition mortgage arrears, while also maintaining all post-petition regular monthly mortgage payments and taxes as well. To date, the Creditor has received $44,118.04 towards the prepetition arrears, plus all post-petition monthly mortgage payments since March of 2023. The risks inherent with an active foreclosure simply do not apply to the Debtors making an *additional* payment of $1,860 to a Chapter 13 Trustee every single month to save their home.

The Creditor also argues that the stay does not apply to a government agency enforcing police and regulatory powers. That is not the issue. The question is not whether the stay stops a local government from enforcing the PRP, but rather that the PRP is simply not applicable when a foreclosure is stayed because the bankruptcy obviates the need for such oversight of properties. It is not that the stay stops the program from operating, but that the stay stops the Foreclosure Proceeding to which the enforcement applies.

It is thus clear that the PRP only applies to active foreclosure proceedings and so when the foreclosure proceeding is stayed by a bankruptcy, registration under the PRP together with payment of any associated fees is not required. Consequently, it was improper for the Creditor to try to pass such unnecessary fees on to the Debtors. It seems the Creditor was aware of this fact because, based upon the Certification of its attorney, it is silent with regard to any registration

when the foreclosure was filed in 2022.  It wasn't until October of 2025 when the Property was registered for some reason, more than 3 years after the foreclosure and 2 years after the bankruptcy - and then again four months later for reasons not made clear by the Creditor.

The Debtors' Chapter 13 Plan is well on its way to completion, and the Debtors seem poised to save their home from the clutches of foreclosure, which has now been inactive for over two years.  There is no risk of blight.  There is no risk of abandonment.  There was simply no logical reason that the Creditor should have thought they needed to register in October of 2025 for the PRP.  And there was certainly no need to register again four months later in February of 2026.

Accordingly, the Debtors respectfully request that this Honorable Court disallow the fees as against the Debtors (and the Creditors may well be entitled to a refund from the PRP since the foreclosure was stayed).

Respectfully Submitted,

**OLIVER&LEGG**

/s/ *Cameron Legg*

R. Cameron Legg, Esq.
*Attorney for Debtor*

Date:   June 12, 2026
cc:     Matthew Fissel, Esq. via ECF